UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WYATT PETERSON,<br><br>　　　　Defendant. | Case No. 2:18-cr-00408-APR-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Wyatt Peterson's Ex-Parte Motion for Court Order Directing U.S. Marshalls and/or NYE County Detention Center to Obtain Necessary Dental Work (ECF No. 96) filed on March 6, 2022. The Court notes that Defendant is not in the Nye County Detention Center but in the federally contracted facility in Pahrump, Nevada referred to as CoreCivic or the Southern Nevada Detention Center.

**I.　Background**

Through his Motion, Mr. Peterson asks the Court to issue an Order arranging for him to receive a root canal as recommended by his treating dentist. ECF No. 96 at 1. Mr. Peterson requested the U.S. Marshalls and the facility at which he is housed (which, again, is not a Nye County facility) to arrange for a root canal, but the request was denied "based on a policy that the only dental procedure that would be approved would be to pull or extract the tooth." *Id.* at 2. Mr. Peterson "does not wish to have missing teeth for his upcoming trial and would not consent to simply extracting or pulling the problem tooth." *Id.*

**II.　Analysis**

Well settled law establishes that the government must not be deliberately indifferent to the medical needs of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (internal quotation

marks and citation omitted)). However, the Court does not have that issue before it in the instant Motion. Here, Mr. Peterson asks for dental care beyond what Nye County Detention Center provides its inmates.

The United States Constitution does not require that prison facilities provide inmates with state-of-the-art medical or mental health care; nor does it require that prison conditions be comfortable. Facilities must simply provide care consistent with "the minimal civilized measure of life's necessities;" that is, care sufficient to prevent the unnecessary and wanton infliction of pain or death. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). Moreover, and specifically with respect to the request before the Court, "[f]ederal courts lack the power to interfere with decisions made by state prison officials, absent constitutional violations. Courts must recognize that the authority to make policy choices concerning prisons is not a proper judicial function." *Bacon v. Reyes*, Case No. 2:12-cv-01222-JCM, 2013 WL 3893254, at *21 (D. Nev. July 26, 2013). The Court is sympathetic to Mr. Peterson's situation, but finds no basis for action here. Were the allegations in Mr. Peterson's Motion such that it reasonably appeared from the records that he was receiving care insufficient to prevent the unnecessary and wanton infliction of pain or death, or inconsistent with necessity, the Court might act to order extraordinary steps. There is nothing presented that warrants the Court take such action in this matter.

### III. Order

Accordingly, IT IS HEREBY ORDERED that the Motion for Court Order Directing U.S. Marshalls and/or Nye County Detention Center to Obtain Necessary Dental Work (ECF No. 96) is DENIED.

Dated this 8th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE