UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WYATT PETERSON,<br><br>Defendant. | Case No. 2:18-cr-00408-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Wyatt Peterson's Ex Parte Motion for More Law Library Time. ECF No. 97. Defendant is requesting library access for at least two hours per day for the purposes of assisting in his two pending federal court cases. *Id.* Currently, he has access to the law library for "less than an hour" each day. *Id.* Defendant is represented by counsel in connection with both his federal court cases. *Id.* at 1; *see also* 2:18-cr-00106-JAD-DJA. The Motion does not cite to any law, but requests the Court order the facility housing Defendant to grant Defendant more library time. ECF No. 97 at 2.

Under the Prison Litigation Reform Act, a federal court may only order prospective injunctive relief where a violation of a federal right has occurred. 18 U.S.C. § 3626. Even then, federal courts "must find that the prospective relief is 'narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right' before granting injunctive relief." *Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001), quoting 18 U.S.C. § 3626(a)(1). The Court construes Defendant's Motion, which contains no supporting law, as asserting his constitutional right to access the courts. In articulating the right to access to the courts, the Supreme Court held that "the fundamental constitutional right of access to the courts requires … providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 827 (1977). The Ninth Circuit has repeatedly clarified that the appointment of counsel is sufficiently meaningful access to the courts under the Constitution. *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir.

1982) ("[a]vailability of legal assistance at government expense, if required, is a constitutionally permissible means of access."). In addition, Defendant already has access to the law library for some amount of time. ECF No. 97 at 1. Therefore, Defendant does not demonstrate a deprivation of his right to access the courts.

Further, the Court questions whether Defendant has standing to make his claim. To show a violation of the right of access to the courts, there must be a showing of "actual injury;" that is, a "specific instance" in which the inmate was denied access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). "To establish actual injury, the inmate must demonstrate the loss of a 'non-frivolous' or 'arguable' underlying claim, and the right of access to courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions." *Antonetti v. McDaniels*, No. 316-CV-00396-MMD-WGC, 2021 WL 624241, at *9 (D. Nev. Jan. 25, 2021) (quoting *Lewis*, 518 U.S. at 353). As of this time, there is no evidence of an actual denial of access to the courts or injury to Defendant with respect to his federal cases, which are ongoing. Defendant has been appointed a lawyer to assist him in both federal cases, which is sufficient access to the courts for purposes of the Constitution. In addition, Defendant appears to have some access to the law library in his current state, albeit on a limited basis.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Access to Law Library (ECF No. 97) is **DENIED**.

Dated this 8th day of March, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE