# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>v.<br><br>WYATT SCOTT PETERSON,<br><br>　　　Defendant | Case No.: 2:18-cr-00408-APG-EJY<br><br>**Order Denying Motion to Dismiss**<br><br>[ECF No. 104] |

　　　Defendant Wyatt Scott Peterson is charged with assault on a federal officer. ECF No. 1. The Government alleges that Peterson and others attacked a detention officer (G.G.) at the Nevada Southern Detention Center (NSDC) while G.G. was performing his official duties. Peterson moves to dismiss the Indictment because G.G. was not a federal officer, but rather was employed by a private entity called CoreCivic. ECF No. 104.  The Government responds that the motion is untimely and that G.G. was assisting federal officers at the time he was attacked. ECF No. 118.  I agree and therefore deny the motion.

　　　Peterson filed his motion more than seven months after the September 3, 2021 deadline to file pretrial motions. *See* ECF No. 78 at 4.  I may consider an untimely motion if there is good cause. Fed. R. Crim. P. 12(c)(3).  Peterson has known about this potential defense since he was indicted in 2018, yet did not file the motion until 2022.  He has not shown good cause for the untimely motion.

　　　And the motion lacks merit.  A motion to dismiss is not a vehicle to test the Government's trial evidence.

> A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. . . .  A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. . . .  The Court should not consider evidence not appearing on the face of the indictment.

*United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (simplified). At this stage, my "role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings . . . . Even conclusory allegations in an indictment are sufficient under Rule 12." *United States v. Nelson*, No. 2:20-cr-00195-APG-EJY, 2022 WL 625346, at *2 (D. Nev. Feb. 11, 2022) (simplified), report and recommendation adopted, No. 2:20-cr-00195-APG-EJY, 2022 WL 625155 (D. Nev. Mar. 2, 2022).

The indictment alleges that Peterson assaulted G.G. in violation of 18 U.S.C. § 111(a)(1) and (b), and that G.G. was "a person designated in 18 U.S.C. § 1114" at the time he was assaulted. ECF No. 1. Section 1114 covers "any officer or employee of the United States . . . or any person assisting such an officer or employee in the performance of such duties or on account of that assistance . . . ." 18 U.S.C. § 1114(a). The Government contends that at trial it can show G.G. was assisting federal officers at the time he was attacked, and that "courts have repeatedly held that detention officers at facilities under contract with the federal government to detain federal detainees are persons designated under § 1114(a)." ECF No. 118 at 5 (citations omitted). The Government is entitled to make that showing.

I THEREFORE ORDER that defendant Wyatt Scott Peterson's motion to dismiss **(ECF No. 104) is DENIED**.

DATED this 22nd day of June, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE