UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WYATT SCOTT PETERSON,<br><br>Defendant. | Case No. 2:18-cr-00408-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Wyatt Scott Peterson's Motion seeking copies of his transcripts (ECF No. 203). The docket reflects that Defendant is currently represented by counsel. Given the status of this case, counsel must advise the Court if she continues to represent Defendant or if the representation of Defendant has concluded. If counsel remains on this case, only Defendant's attorney may appear or act on his behalf. LR IA 11-6.

If counsel is no longer representing Defendant, 28 U.S.C. § 753(f) provides transcripts to an appellant free of charge upon the Court's determination that the appeal presents a legitimate question and is not frivolous. Here, Defendant filed a notice of appeal, but then subsequently dismissed that notice. ECF No. 202. Plaintiff also has no habeas petition pending under 28 U.S.C. § 2255. *Morgan v. Doran*, Case No. CV 1:02-cv-6316 AWI DLB P, 2007 WL 1080580, at \*2 (E.D. Cal. April 4, 2007) (denying request for preparation of transcripts at government's expense where motion failed to explain why certain transcripts "are necessary to resolve the issues he desires to raise on appeal."). Moreover, a federal prisoner does not have an absolute right to transcripts of his criminal proceedings in order to prepare a § 2255 motion. *United States v. MacCollum*, 426 U.S. 317 (1976).

Accordingly, under the circumstances presented here, Defendant's Motion seeking Transcripts (ECF No. 203) is DENIED without prejudice.

IT IS FURTHER ORDERED that Raquel Lazo **must** advise the Court if she continues to represent Defendant or if her appointment has concluded.

Dated this 29th day of April, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE