**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>WYATT SCOTT PETERSON,<br>Defendant | Case No.: 2:18-cr-00408-APG-EJY<br>**Order Denying (1) Motion to Vacate, Set Aside, or Correct Sentence, (2) Motion to Extend Time, and (2) Certificate of Appealability**<br>[ECF Nos. 206, 207] |

Wyatt Peterson has filed a motion to vacate his sentence and conviction under 28 U.S.C. § 2255 and a motion to extend time to file that motion. ECF Nos. 206, 207. The United States opposes the motion to vacate. ECF No. 209.[1]

Federal prisoners may file a § 2255 motion to "vacate, set aside or correct" a criminal sentence that "was imposed in violation of the Constitution or laws of the United States" or "was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a).

Peterson pleaded guilty to crimes in two different cases and was sentenced separately in those cases. In Case No. 2:18-cr-106 (the "robbery case"), Peterson pleaded guilty in connection with various robberies and was sentenced to 300 months in custody. *See* Case No. 2:18-cr-106-JAD, ECF Nos. 131; 132; 159. In the present case (the "assault case"), Peterson pleaded guilty to assaulting a federal officer, and I sentenced him to 30 months in custody, with 12 months of that time to run consecutive to the sentence in the robbery case. ECF Nos. 175; 176; 198.

Peterson filed his § 2255 motion in this case, but he challenges the plea and sentence in the robbery case. The body of his motion refers to Case No. 2:18-cr-106, the 300-month sentence he received in the robbery case, the name of the District Judge from the robbery case

[1] The United States did not oppose the motion to extend time, but I find that motion to be moot.

(Judge Dorsey), the offenses of conviction from the robbery case (18 U.S.C. §§ 924(c)(1)(A), 922(g)(1), and 1951(a)), and the docket entry number for his plea agreement in the robbery case (ECF No. 131). *See* ECF No. 206 at 1-2. His motion does not attack the plea or sentence in this, the assault case. Thus, he has filed the motion in the wrong case because I have no authority in this case to modify the sentence imposed in a different case. For that reason, I must deny Peterson's § 2255 motion without prejudice to him filing a motion in the robbery case.[2]

To appeal this order, Peterson must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain this certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not debate that Peterson has filed his motion in the wrong case and that I have no authority to modify the sentence imposed in the robbery case. I therefore deny him a certificate of appealability.

I THEREFORE ORDER that Peterson's motion under 28 U.S.C. § 2255 **(ECF No. 206) is DENIED**.

---

[2] I make no finding that Peterson is allowed to file such a motion in the robbery case. Peterson may be time-barred by the one-year limitation period of 28 U.S.C. § 2255(f). He also may have additional problems with such a motion. For instance, he contends he was mentally incompetent at the time he entered his plea. ECF No. 206 at 6-7. If he did not directly appeal the voluntariness of his plea, he may not be able to raise that in his § 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." (simplified)). Peterson should carefully evaluate the viability if his arguments before filing a § 2255 motion.

I FURTHER ORDER that Peterson's motion for an extension of time **(ECF No. 207) is DENIED without prejudice as moot.**

I FURTHER ORDER that Peterson is denied a certificate of appealability.

DATED this 7th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE